**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 07-50103-01
                                            CIVIL ACTION NO. 11-0580

VERSUS                                      JUDGE S. MAURICE HICKS, JR.

BARRY BLAINE BELL                           MAGISTRATE JUDGE HORNSBY

### MEMORANDUM RULING

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 31) filed by *pro se* petitioner Barry Blaine Bell ("Bell"). Bell seeks an order from the Court vacating his conviction, or in the alternative, vacating his sentence and setting the matter for a new sentencing hearing on the grounds of suppression of favorable evidence; ineffective assistance of counsel; and an unreasonable sentence. See id. For the reasons discussed herein, Bell's motion is **DENIED**.

### BACKGROUND

On or around April 25, 2006, agents with the Tri-Parish Narcotics Task Force searched, pursuant to a search warrant, a residence at 1007 Crawford Street, Logansport, Louisiana. See Record Document 34 at 5-10. Bell was residing with his father at this residence. See Record Document 34 at 7; Presentence Investigation Report at ¶ 7. During the search, agents found a plastic bag containing 15 small white rocks suspected to be crack cocaine. See id. The substance weighed approximately 3.5 grams. See id. Agents also found a plastic bag containing 65 dosage units of Vicodin, a Schedule III controlled substance. See id. The Vicodin were found in Bell's dresser drawer, along with a box of 9 millimeter ammunition in the same room. See id. During the execution of the search warrant, Bell's father arrived at the home. Agents questioned him as to whether he owned

a firearm, and while he did not, he indicated that his son did own a firearm.  See Presentence Investigation Report at ¶ 8.  Tyler Bell, the father, then proceeded to a couch near the front door and retrieved a fully loaded Hi-Point Pistol, Model C9, 9 millimeter caliber.  See id.  The agents recovered the weapon immediately.  See id.  Agents learned that the firearm was stolen from North Charleston, South Carolina.  See id.  Upon further review, they determined that the firearm was capable of expelling a projectile by the action of an explosive.  See id.  Additionally, they determined that the firearm had traveled in and affected interstate commerce.  See id.

On October 24, 2007, the grand jury returned a one-count Indictment against Bell charging him with possession of a firearm and ammunition by a convicted felon.  See Record Document 1.  On November 27, 2007, Larry English ("English") enrolled as counsel for Bell.  See Record Documents 6 and 8.  On November 27, 2007, English filed a Request and Motion for Discovery.  See Record Document 9.

On April 11, 2008, Bell appeared before the Court and entered a plea of guilty to Count One of the Indictment.  See Record Documents 20 and 21.  On August 11, 2008, Bell was sentenced to 120 months imprisonment.  See Record Document 29.   No direct appeal was filed.

On August 10, 2009, Bell filed the instant Section 2255 motion.  See Record Document 31.  He asserts three grounds for relief:  (1) suppression of favorable evidence, specifically Ms. Krystal Hill's affidavit; (2) ineffective assistance of counsel; and (3) an unreasonable sentence.  See id.  The Government answered Bell's Section 2255 motion on October 16, 2009.  See Record Document 33.

## LAW AND ANALYSIS

After conviction and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted."  United States v. Shaid, 937 F.2d 228, 231-232 (5th Cir. 1991), quoting United States v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592 (1982). "Our trial and appellate procedures are not so unreliable that we may not afford their complete operation any binding effect beyond the next in a series of endless post conviction collateral attacks. To the contrary a final judgement commands respect." Frady, 456 U.S. at 164-65, 102 S. Ct. at 1593. Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited.  A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. See Shaid, 937 F.2d at 232.  As the Fifth Circuit has stated:

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in collateral proceeding.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a defendant raises issues that are constitutional or jurisdictional in nature, he may be procedurally barred from pursuing these claims. In order to raise an issue for the first time on collateral review, a defendant must show both "cause" for his procedural default and "actual prejudice" resulting from the error.  Frady, 456 U.S. at 168; United States v. Segler, 37 F. 3d 1131,1133 (5th Cir. 1994).  To establish "cause", a defendant must show some external impediment prevented him from raising the claim on direct appeal.  See United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993).  In order to meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an

actual and substantial disadvantage, infecting his entire trial, with error of constitutional dimension." Shaid, 937 F.2d at 233.

A narrow exception to the "cause and actual prejudice" requirement exists in extraordinary cases "in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 232. The Supreme Court has emphasized that this exception is limited to only those cases involving "manifest miscarriages of justice'" that would result in the continued incarceration of an innocent person. Id., citing Smith v. Murray, 477 U.S. 527, 537, 106 S. Ct. 2661, 2649 (1986).

## A.    Suppression of Evidence Claim.

At sentencing, the defense attempted to introduce an affidavit signed by Ms. Krystal Hill relating to Bell's possession of Vicodin, a Schedule III controlled substance.  The defense was attempting to challenge the addition of four levels to the base offense level pursuant to United States Sentencing Guideline § 2K2.1(b)(6).  See Presentence Investigation Report at ¶ 15.  The Government objected to the Court considering the affidavit due to doubt regarding whether Ms. Krystal Hill had actually signed the affidavit. The Court's realtime reflects that defense counsel withdrew the affidavit, as he realized that even if the Court considered the affidavit, Bell would still fall within Zone D and would not be eligible for probation.

Bell claims that the prosecution suppressed the aforementioned affidavit in violation of Brady.  See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963).  As this claim centers around Brady, it appears to be constitutional.  As noted previously, Bell did not file a direct appeal in this matter.  Thus, in order to raise the Brady issue for the first time on collateral review, he must show cause and prejudice.  Bell may also seek to invoke the narrow

exception to the cause and prejudice requirement by establishing a manifest miscarriage of justice that would result in the continued incarceration of an innocent person.

At the outset, the Court observes that its realtime record reflects that the Government did not suppress Ms. Krystal Hill's affidavit.  The affidavit, which was being offered by the defense, was in actuality withdrawn by defense counsel during the sentencing hearing.  Thus, the record reflects that the prosecution did not suppress any evidence and that Brady is inapplicable in this instance.

Notwithstanding, even if the Court accepts Bell's allegation, his claim fails because he has not shown cause, prejudice, or actual innocence.  Focusing on actual innocence, the Court notes that the record is devoid of any evidence to support a colorable showing of factual innocence and/or that it is more likely than not that no reasonable juror would have convicted Bell.  See Flores, 981 F.2d at 236; Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611 (1998).  Thus, Bell's claim relating to the purported suppression of evidence fails.

**B.    Ineffective Assistance of Counsel Claims.**

The general rule prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel.  Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 1693 (2003).  This "procedural-default rule is neither a statutory nor constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments."  Id. at 503.  Requiring a criminal defendant to bring claims of ineffective assistance of counsel on a direct appeal does not promote these objectives.  See id.  A claim of ineffective assistance of counsel cannot be properly

resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations.  See United States v. Alanis, 88 Fed. Appx. 15, 19 (5th Cir. 2004).  Thus, a criminal defendant is permitted to bring ineffective assistance of counsel claims in a collateral proceeding under Section 2255, regardless of whether such claims could have been raised on direct appeal.  See id.

Bell argues that his counsel was ineffective in two ways: (1) coercing him to plead guilty; and (2) failure to file the direct appeal.  To prevail on his claims of ineffective assistance of counsel, Bell must prove (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial.  See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); Bryant v. Scott, 28 F. 2d 1411, 1414-1415 (5th Cir. 1994).  Under the first prong of the Strickland analysis, Bell must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.  The Court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy.  Bell may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance."  Id. at 690, 104 S. Ct. at 2066.

Under the second prong of the Strickland test, Bell must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different."  Murray v. Maggio, 736 F. 2d 279, 282 (5th Cir. 1984).  "A reasonable probability is a probability to undermine confidence in the outcome." Strickland, 466 U.S. at 690, 104 S.Ct. at 2066.  Bell must demonstrate that the attorney's actions

"were so serious as to render the proceeding unreliable and fundamentally unfair." United

States v. Saenz-Forero, 27 F. 3d 1016 1021 (5th Cir. 1994).  If Bell fails to establish either

prong of the Strickland test, his claims of ineffective assistance of counsel must be denied.

See Tucker v. Johnson, 115 F. 3d 276, 280 (5th Cir. 1997); Bryant v. Scott, 28 F. 3d 1411,

1415 (5th Cir. 1994); Williams v. Collins, 16 F. 3d 626, 631 (5th Cir. 1994).

**Coercion by Counsel to Offer Guilty Plea**

Bell contends that his attorney coerced him into pleading guilty with the promise that

he would be sentenced within the guideline range.  See Record Document 31-1 at 2.

Additionally, he maintains that his attorney promised that any and all "[s]tate charges and

post-indictment probation" would be served concurrently with his federal sentence or that

the state charges would be dismissed.  Id.; see also Record Document 31 at 5.

A "voluntary guilty plea waives all nonjurisdictional defects in the proceedings

against the defendant." United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000).  This

waiver "includes claims of ineffective assistance of counsel except insofar as the

ineffectiveness is alleged to have rendered the guilty plea involuntary." Id.  Here, the

transcript of the guilty plea and the documents filed at the time of the guilty plea establish

that Bell's plea of guilty was voluntary.  The Court sets forth below relevant excerpts from

the plea colloquy:

| | |
|---|---|
| THE COURT: | Now, has anyone tricked you into pleading guilty? |
| THE DEFENDANT: | No, sir. |
| THE COURT: | Anyone forced you or coerced you in any manner or threatened you that led to your decision to plead guilty? |

THE DEFENDANT:          No, sir.

. . .

THE COURT:              Are you willing to plead guilty to Count 1
                        because you are in fact guilty as charged?

. . .

THE DEFENDANT:          Yes, sir.

. . .

THE COURT:              . . . And is this a free and voluntary act by you?

THE DEFENDANT:          (Nods head up and down.)

Record Document 34 at 18-19.  The Court also asked Bell specific questions about whether

any promises had been made regarding his sentence:

THE COURT:              . . . In this instance, has anyone made a promise
                        to you other than what's contained in this plea
                        agreement?

THE DEFENDANT:          No, sir.

. . .

THE COURT:              In this instance, has anyone made a prediction or
                        a prophecy or a promise as to what your
                        sentence will be?

THE DEFENDANT:          No, sir.

Id. at 22, 26.  These sworn statements made by Bell in open court during his guilty plea

hearing "carry a strong presumption of verity" and he simply has not presented any

evidence to refute such statements.  United States v. Wilkes, 20 F.3d 651, 653 (5th Cir.

1994), citing Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629 (1977).

        Additionally, the documents filed at the time of the guilty plea are contrary to Bell's

coercion allegation.   The plea agreement, which was signed by Bell and his attorney, provided:

> This is the entire plea agreement between the United States Attorney's Office and the Defendant and is entered into freely, knowingly, and voluntarily with no threats or coercion, after due consultation with his attorney.

Record Document 21 at 3.  Bell, along with this attorney, also signed a documented entitled "Understanding of Maximum Penalty and Constitutional Rights," which provided:

> I further state that my plea in this matter is free and voluntary and that is has been made without any threats or inducements (except the plea agreement) whatsoever from anyone associated with the State or United States Government or may attorney and that the only reason I am pleading guilty is that I am in fact guilty as charged.

Record Document 21-1 at 2.  These documents, which were signed by Bell at the time of the guilty plea, are entitled to "great evidentiary weight" and he has simply failed to present any evidence to refute the declarations he made in these documents.  United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994).   Thus, based on the foregoing analysis, Bell's Section 2255 claim that he was coerced by counsel into pleading guilty fails.

**Failure to File the Direct Appeal**

Bell argues that his attorney was ineffective for failing to file a notice of appeal and failing to pursue an appeal.  While Bell has made the bare assertion that he "requested" an appeal, he provides no factual support for this statement.  His allegation is self-serving and is not presented in the form of an affidavit and any other type of sworn statement.  Conversely, the United States has submitted the sworn affidavit of Larry English, which provides:

> I represented Barry Bell in the matter of United States vs. Barry Bell . . . .  At no time did Mr. Bell and I ever discuss appealing his sentence in this matter. Mr. Bell was facing charges . . . in two other venues and an appeal would

have been fruitless without those matters being resolved.

Record Document 33, Exhibit A.  The Court finds this affidavit credible.[1]

In Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029  (2000), the United States

Supreme Court held that the Strickland test applied to counsel's failure to file notice of

appeal and that failure to file notice of appeal without defendant's consent is not *per se*

deficient.   See id., 528 U.S. at 476-477, 120 S.Ct. at 1034.   The Roe court further

explained:

> If counsel has not consulted with the defendant, the court must in turn ask a
> second, and subsidiary, question: whether counsel's failure to consult with
> the defendant itself constitutes deficient performance.  That question lies at
> the heart of this case:  Under what circumstances does counsel have an
> obligation to consult with the defendant about an appeal?

Id. at 478, 120 S.Ct. at 1035.  The Roe court further stated that "[w]e cannot say, as a

constitutional matter, that in every case counsel's failure to consult with the defendant

about an appeal is necessarily unreasonable, and therefore deficient." Id. at 479, 120 S.Ct.

at 1036.  Instead, the Court held:

> [C]ounsel has a constitutionally imposed duty to consult with the defendant
> about an appeal when there is reason to think either (1) that a rational
> defendant would want to appeal (for example, because there are nonfrivolous
> grounds for appeal), or (2) that this particular defendant reasonably
> demonstrated to counsel that he was interested in appealing.  In making this
> determination, courts must take into account all the information counsel knew
> or should have known.  Although not determinative, a highly relevant factor
> in this inquiry will be whether the conviction follows a trial or a guilty plea,
> both because a guilty plea reduces the scope of potentially appealable issues
> and because such a plea may indicate that the defendant seeks an end to

---

[1]"[A] bare assertion by the movant that he made a request for an appeal to be filed
is not, by itself, sufficient to support a grant of relief under § 2255, where other, more
credible evidence indicates that no such request was made. . . .  Facts alluded to in an
unsworn memorandum will not suffice." Vaughn v. United States, No. 1:07-CV-113 CAS,
2008 WL 4488802, *5 (E.D.Mo. Oct. 2, 2008).

judicial proceedings.

Id. at 480, 120 S.Ct. at 1036.

Here, defense counsel's failure to consult with Bell about a possible appeal was not ineffective assistance of counsel.  Bell's conviction followed a guilty plea, which this Court has previously found to be voluntary.  As will be discussed *infra*, Bell has come forward with nothing more than the conclusory allegation that  his sentence was unreasonable while the record, in fact, shows that he received a guideline sentence.  Additionally, Bell's defense attorney explained in his affidavit that Bell was facing charges in other jurisdictions that would have made an appeal fruitless.  This is supported by the pending charges outlines in the Presentence Investigation Report, namely charges pending in North Charleston, South Carolina; DeSoto Parish, Louisiana; and Lauderdale County, Mississippi.  See Presentence Investigation Report at ¶¶ 42-45.  Under these circumstances, counsel's failure to discuss a direct appeal with Bell was not ineffective.

**C.    Unreasonable Sentence**.

Finally, Bell argues that the Court abused its discretion by varying upwards "over 250% beyond the guidelines of 30-37 months without any factual justification."  Record Document 31-1 at 3.  At the outset, the Court notes that Bell's claim concerning the length of his sentence is not constitutional in nature and such claims are not cognizable under Section 2255.  See United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue.").  Additionally, Bell's argument is without merit.  A review of the Presentence Investigation Report evidences that his guideline range was 110 months to 137months; thus, Bell's 120 month sentence was within the guideline range.  See Presentence Investigation Report at

¶ 67.

## CONCLUSION

Based on the foregoing, the Court finds that Bell's claims relating to suppression of favorable evidence, ineffective assistance of counsel, and an unreasonable sentence fail. The Section 2255 motion is, therefore, **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order that is adverse to the applicant.  "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added).  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because Bell, the applicant, has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, at Shreveport, Louisiana, this 9th day of November, 2011.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE